**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MAGDA ARACELY CORADO;
RAUL CORADO; ROSE ANGELA
CORADO; RAUL CORADO; ANA
LUCIA CORADO,

Petitioners,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 01-9544
(BIA Nos. A72 454 135,
A72 454 134, A72 454 136,
A72 454 137, A72 451 311)
(Petition for Review)

ORDER AND JUDGMENT *

Before **SEYMOUR** , **EBEL** , and **O'BRIEN** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The Corado family, originally from Guatemala, petitions for review of a decision of the Board of Immigration Appeals (BIA) that denied their requests for asylum and withholding of deportation and granted them voluntary departure. We exercise jurisdiction under 8 U.S.C. § 1105a(a),[1] and deny the petition for review.

The family consists of Magda and Raul Corado, Sr., and their children Rose Angela, Raul Jr., and Ana Lucia. The Immigration and Naturalization Service (INS) has reopened the proceeding against Rose Angela Corado to allow her to apply to adjust her status as the spouse of a United States citizen. Therefore, there is no longer a final order of deportation as to Rose Angela Corado, and we grant the INS' motion to dismiss her as a party to this appeal.

Mr. Corado and his other children are seeking derivative status through Mrs. Corado. We therefore need address only Mrs. Corado's claim. Mrs. Corado entered the United States in 1991 on a thirty-day tourist visa and overstayed. The INS initiated deportation proceedings in June 1993. Mrs. Corado applied for asylum and withholding of deportation, asserting that she experienced past

---

[1] 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). Because the INS began deportation proceedings against Mrs. Corado before IIRIRA's effective date, April 1, 1997, and issued its final deportation order after October 31, 1996, however, our review is governed by the pre-IIRIRA rules as amended by IIRIRA's transitional rules. Under the transitional rules, § 1105a remains in effect except for minor procedural amendments.

persecution and feared future persecution in Guatemala because she helped open a medical clinic in Santa Lucia and volunteered there as a nurse. The BIA rejected her application for asylum and withholding of deportation, and entered a final order of deportation in November 2001. Mrs. Corado argues on appeal that the BIA's decision is not supported by substantial evidence.

There are two steps to a request for asylum. Woldemeskel v. INS, 257 F.3d 1185, 1188 (10th Cir. 2001). First, the applicant must establish refugee status by demonstrating "either past 'persecution or a well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Id. (quoting 8 U.S.C. § 1101(a)(42)(A)). This requires both objective evidence that would support a reasonable fear that the petitioner faces persecution, and evidence that the applicant's subjective fear is genuine. Id. at 1188-89. If the applicant establishes refugee status, then in the second step, the Attorney General exercises discretionary judgment to grant or deny asylum. Id. at 1189. We review the BIA's determination whether the applicant has established refugee status for substantial evidence. Id. We review the agency's discretionary decision to grant or deny asylum for abuse of discretion. Id.

The BIA determined that Mrs. Corado had not shown that she suffered past persecution or had a well-founded fear of future persecution in Guatemala based

on her religious or political beliefs. The BIA reasoned that the events and threats she complained about were general and speculative, and not tied to her religious or political beliefs. She failed to show that anyone had tried to close the clinic she helped with or hurt the doctors there. And, although her brother and her husband's cousin were both murdered, the BIA determined that Mrs. Corado failed to show how their fate is linked with hers, if she returns to Guatemala. We are unpersuaded by Mrs. Corado's argument on appeal that the BIA's decision is not supported by substantial evidence, and it is affirmed.

Withholding of deportation requires a "significantly higher" burden of proof than that required for asylum. Id. at 1193. Because we affirm the BIA's denial of asylum, it follows that Mrs. Corado cannot prevail on the issue of withholding of deportation.

The appeal as to Rose Angela Corado is dismissed. The petition for review is otherwise DENIED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge

-4-